IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT MCCAVE, | No. CV-05-2993-PHX-DGC (BPV) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| JOSEPH M. ARPAIO, | |
| Defendant. | |

Scott McCave (Plaintiff), address presently unknown, filed with the Clerk of the Court on September 28, 2005, a *pro se* "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1] Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has been authorized to proceed *In Forma Pauperis*.

**RETURNED MAIL**

On December 1, 2005, the Court entered a Notice of Assignment and mailed a copy of the document to Plaintiff at his last known address. (Document # 2) On March 20, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Estrella Jail in Phoenix, Arizona.

- 1 -

1 Plaintiff, due for return to the Court on April 10, 2006. (Document # 3) The service packet 2 was mailed by the Clerk of Court to Plaintiff at his last known address at the Maricopa 3 County Estrella Jail on March 20, 2006. The Clerk of Court also noted that it resent the 4 service packet on that same date because the Complaint[2] was left out of the original packet. 5 On March 27, 2006, both articles of mail were returned to the Clerk of the Court with 6 notations indicating that Plaintiff was "No Longer in Custody" "Return to Sender" and 7 "Unable to Forward." (Documents # 5 and 6) Since then, Plaintiff has failed to file a Notice 8 of Change of Address, or in any way to notify the Court of his whereabouts. The docket 9 indicates that the Clerk of the Court researched Plaintiff's address to no avail. (Documents 10 #5 and 6)

11 Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an 12 incarcerated litigant comply with the instructions attached to the Court-approved Complaint 13 form. Those instructions state: "You must immediately notify the clerk . . . in writing of any 14 change in your mailing address. Failure to notify the court of any change in your mailing 15 address may result in the dismissal of your case." (Information and Instructions for a 16 Prisoner Filing Civil Rights Complaint at 2).

17 Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply 18 with the following rules will result in your document being STRUCK and/or your case being 19 DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of 20 Change of Address if your address changes." (Document #2).

---

[2] The Clerk's notation appears to be incorrect however, as the Clerk refers to the attached "Complaint," but, in fact, attaches the first scanned page of the screening order as reference to the Complaint. The usual procedure in sending the service packet is to also send the screening order, not the Complaint, to the prisoner to direct the prisoner in completing the service packet. In this case it is irrelevant, as the prisoner received neither the service packet, nor the screening order.

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address or to actively participate in this case prevents the

1 case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against
2 dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative
3 is available. Without Plaintiff's current address, however, certain alternatives are bound to
4 be futile.  Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an
5 order imposing sanctions would only find itself taking a round trip tour through the United
6 States mail."  856 F.2d at 1441.

7 The Court finds that only one less drastic sanction is realistically available.  Rule
8 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
9 merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,
10 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
11 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
12 Procedure.

## RECOMMENDATION

14 Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge
15 recommends that the "Civil Rights Complaint By A Prisoner" [Doc. No. 1] and this action
16 be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of
17 Civil Procedure for failure to prosecute.

18 Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
19 10 days after being served with a copy of this Report and Recommendation.  If objections
20 are not timely filed they may be deemed waived. The parties are advised that any objections
21 filed are to be identified with the following case number: **CV 05-02993-PHX-DGC.**

22 DATED this 23rd day of May, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge